### THE VIRGINIAN (two cases).

#### (Circuit Court of Appeals, Ninth Circuit. October 23, 1916.)

#### No. 2728.

COLLISION ⬤�き98—STEAM VESSELS MEETING—CONSTRUCTION OF RULES.

Inland Navigation Rules, Act June 7, 1897, c. 4, § 1, art. 18, rule 9, 30 Stat. 100 (Comp. St. 1913, § 7892), which provides that "the whistle signals provided in the rules under this article, for steam vessels meeting, passing, or overtaking, are never to be used except when steamers are in sight of each other, and the course and position of each can be determined, in the daytime by a sight of the vessel itself, or by night by seeing its signal lights," applies only to the meeting, passing, or overtaking signals specified, and does not relieve a vessel of the duty to give alarm signals as required by rule 3, where from any cause she cannot understand the course or intention of an approaching vessel, although it may be because neither the approaching vessel nor her lights can be seen.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 208–210; Dec. Dig. ⬤�き98.]

On petitions for rehearing. Denied.

For former opinion, see 235 Fed. 98, —— C. C. A. ——.

GILBERT, Circuit Judge. Petitions for a rehearing filed by the American-Hawaiian Steamship Company and by two amici curiæ question the correctness of the decision of this court on the ground, as alleged, that it disregards the statutory rules of navigation and holds the Virginian at fault for failure to pursue a course which, it is said, those rules expressly prohibited it to pursue. It is asserted that the decision ignores rule 9 of article 18 of the Act of June 7, 1897 (30 Stat. 101), which provides that:

"The whistle signals provided in the rules under this article, for steam vessels meeting, passing, or overtaking, are never to be used except when steamers are in sight of each other, and the course and position of each can be determined in the day time by a sight of the vessel itself, or by night by seeing its signal lights."

It is contended that this rule is paramount and is without exception, and that it makes rule 3 of article 18 inapplicable to the situation in which the Virginian was placed, and that the Virginian not being able

to see the Strathalbyn was not at liberty to give alarm signals as provided in rule 3. We do not so construe the rules. Rule 9, in our opinion, refers only to signals for steam vessels meeting, passing, and overtaking. It provides that none of those signals shall be given, except while steamers are in sight of each other. The several short and rapid blasts provided for in rule 3 are not signals for steam vessels passing or overtaking. They are signals to be resorted to only under the circumstances prescribed in that rule. They are to be used whenever for any cause one of the two approaching steam vessels fails to understand either the course or intention of the other. And such was the situation which confronted the Virginian. The Flyer had overhauled and passed her. About five minutes later the Strathalbyn blew one whistle to the Flyer, signifying its intention to pass port to port, and the signal was answered by the Flyer. Those signals were heard on the Virginian. When abeam of the Flyer the Strathalbyn blew one whistle to the Virginian. The pilot, the third mate, and the lookout of that vessel assumed that the whistle was intended for the Virginian, but they were unable to make out the approaching vessel or see any light upon it. At that point of time we think the obligation was imposed upon the Virginian "immediately," or at the latest as soon as the Strathalbyn's second signal was heard, to signify that it failed to understand the course of the Strathalbyn, to give the alarm prescribed by rule 3, and to reverse. We are not convinced that the court below was in error in concluding that if the Virginian had so sounded the alarm signal and reversed the collision would have been averted. In the Albert Dumois, 177 U. S. 240, 253, 20 Sup. Ct. 595, 600, 44 L. Ed. 751, Mr. Justice Brown said:

"This court has repeatedly held the fault, and even the gross fault, of one vessel, does not absolve the other from the use of such precautions as good judgment and accomplished seamanship require."

Finding both vessels at fault, we think that the decree which divides the damages between the two vessels is substantially just, and the petitions for rehearing are denied.